**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL McELHINEY,

     Petitioner-Appellant,

v.

J. W. BOOKER,

     Respondent-Appellee.

No. 99-3327

(D.C. No. 99-CV-3253)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

Petitioner Michael McElhiney is currently incarcerated in the federal penal

system. He filed a petition for a writ of habeas corpus in the district court under

28 U.S.C. § 2241, challenging his receipt of an institutional disciplinary report and loss of

good time credits for refusal to submit to urinalysis. According to Petitioner,

this disciplinary action violates 28 C.F.R. § 541.14(b), because he is currently subject

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to prosecution in federal court for conspiracy to possess heroin stemming from a 1995 incident during which he tested positive for the drug. The district court summarily dismissed the petition and Petitioner appeals. Our jurisdiction arises under 28 U.S.C. § 2253(a).[1]

Petitioner submits he should not be required to undergo urinalysis while the criminal prosecution against him is pending. 28 C.F.R. § 541.14 addresses prison incident reports. Subsection (b)(1) provides:

> When it appears likely that the incident may be the subject of criminal prosecution, the investigating officer shall suspend the investigation, and staff may not question the inmate until the Federal Bureau of Investigation or other investigative agency interviews have been completed or until the agency responsible for the criminal investigation advises the staff questioning may occur.

Id. § 541.14(b)(1). Aside from the fact that the foregoing regulation does not require suspension of inmate urinalysis during investigation of an incident, prison officials are not demanding that Petitioner undergo urinalysis because of any incident which may be the subject of criminal prosecution. Because Petitioner's current conduct is not the subject of the pending criminal charges against him, § 541.14(b)(1) is inapplicable.

Plain and simple, federal inmates are subject to urinalysis. Prison officials have a

---

[1] Petitioner, as a federal prisoner appealing a district court's denial of a petition under § 2241, does not need a certificate of appealability under 28 U.S.C. § 2253(c)(1). See Montez v. McKinna, ___ F.3d ___, ___, 2000 WL 342235, at *3 (10th Cir. Apr. 3, 2000); cf. id. at *4 (applying the certificate of appealability requirement to state prisoners filing petitions under § 2241).

"significant and legitimate interest in preventing unauthorized drug use among prison inmates." Lucero v. Gunter, 17 F.3d 1347, 1350 (10th Cir. 1994) (noting that inmates' unauthorized use of drugs poses a serious threat to prison official's ability to maintain institutional security). 28 C.F.R. § 550.30 confirms this:

> The Warden shall establish programs of urine testing for drug use, to monitor specific groups or individual inmates who are considered as high risk for drug use, such as those involved in community activities, those with a history of drug use, and those inmates specifically suspected of drug use.

Accordingly, the district court properly dismissed the petition.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3